# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In re:

JUAN NELSON LAINES,                          Case No. 04-10020-RGM
                                             (Chapter 7)
　　　　　Debtor.

## MEMORANDUM OPINION

　　　This case is before the court on the chapter 7 trustee's motion to sell one of two properties

he recovered.  The debtor purchased a townhouse on December 9, 1998, and a single family house

on November 28, 2000.  He conveyed both properties to his wife and himself as tenants by the

entirety in March 2001, the house on March 22 and the townhouse on March 26.  Later, on

December 26, 2002, they conveyed the townhouse to themselves and Miguel A. Perez as tenants in

common and on October 10, 2003,the house to Fidel Rovira and Anna E. Laines, the debtor's wife.

The debtor filed his petition in bankruptcy on January 2, 2004.  The trustee successfully sued to

avoid the transfers as fraudulent conveyances under Va.Code (1950) §55-80 as made applicable

under Bankruptcy Code §544 and recovered the properties under Bankruptcy Code §550 as to the

transferees.  The order declared all four deeds null, void and of no force or effect, however, because

the trustee had not joined the lenders secured by the deeds of trusts encumbering the properties, the

order expressly refrained from affecting the validity or priority of any deed of trust recorded before

or after any of the four deeds in question.[1]

---

[1]The provision in the final order did not express an opinion on whether the deeds of trusts
were valid encumbrances and, if so, their priority.  The court could not reach these issues
because the affected parties were not before the court.

The trustee marketed the properties and obtained contracts on both of them. He filed separate motions seeking approval of the contracts. The first motion which sought to sell the townhouse was heard on April 12, 2005. The motion appeared to be a routine motion to sell real property. It set out the sales price, $375,000.00, the anticipated costs of sale and an analysis of the sale reflecting anticipated net proceeds to the estate of $217,350.00. The analysis included a payoff of the deed of trust encumbering the property. The motion itself was served only on the United States Trustee and debtor's counsel. The notice of the hearing was mailed to the United States Trustee, debtor's counsel and all creditors.

The United States appeared at the hearing and expressly consented to a sale free and clear of its restitution judgment. Neither the motion nor the notice mentioned a judgment lien or requested a sale free and clear of liens under Bankruptcy Code §363(f). The trustee advised the court that the debtor had been convicted in federal court and that the sentencing order included a restitution order. The restitution judgment was docketed on December 29, 2004, almost a year after the filing of the petition, but six weeks before the entry of the order avoiding the transfers of the house and the townhouse. One ground for approving a sale free and clear of liens is the consent of the creditor. In light United States' consent and the absence of any other party that would be adversely affected by a sale free and clear of the restitution judgment lien, the court orally approved the sale.

The trustee submitted a draft order several days after the hearing which the court found unsatisfactory. There were two difficulties. The first was that the order did not comply with LBR

2

9017-1 which requires "a legal description sufficient to pass title."[2]  The second was that the

language approving the sale free and clear of the restitution judgment lien was overbroad and non-

specific.  It was overbroad because it provided that the townhouse was to be sold free and clear of

all non-consensual liens arising after March 26, 2001, which could potentially include liens other

than the restitution judgment lien even though no liens other than the United States' restitution

judgment lien had been identified.  It was non-specific because it did not refer specifically to the

restitution judgment lien.  The proposed order did not contain either the judgment lien creditor's

name or a reference to the judgment, such as the judgment number or other reference sufficient to

locate the judgment lien in the state court clerk's office.  No clerk or future title examiner could feel

confident in relying on the proposed order itself in releasing the property from judgment lien or in

certifying that the property is not subject to the judgment lien.  An order should achieve its purpose

standing alone.  The proposed order did not do so.  It invited future questions and could easily have

been considered a cloud on the title of the property.  The court requested that counsel redraft and

resubmit the order.

Counsel redrafted the order and resubmitted it.  The revised order still does not contain a

sufficient legal description.  It contains a recital to the deed book and page of the deeds set aside by

the court in the adversary proceeding and a parcel identification number.  While these may be

---

[2]LBR 9022-1(D) states:  "Any proposed order shall be sufficient in description to stand alone without reference to any motion, pleading or other paper (except for exhibits attached to the order itself). Orders authorizing the sale of real estate or otherwise affecting title to real estate (e.g., abandonments, avoidance of transfers, avoidance or imposition of liens, or adjudication of lien property) shall contain a legal description sufficient to pass title. Orders for sale of property of the estate or any interest therein shall state the identity of the purchaser and the price to be paid unless sale is to be at public auction, in which event the order shall state the date, time, and place of the auction."

sufficient to locate the property, they are not the customary legal description of the property

envisions by LBR 9022-1(D).  The customary legal description is either a metes and bounds

description or a description containing the subdivision name, the section number and the lot number

together with the deed book and page reference to the deed of dedication of the subdivision.  The

legal description appears in the order of this court avoiding the deeds in question.  That same legal

description should be used in the proposed order.

There is, however, a more fundamental problem that drafting cannot overcome.  The revised

proposed order adequately describes the judgment lien in favor of the United States.  But, it also

identifies six more judgment liens, none previously disclosed.  The proposed language is:

> ORDERED that the Trustee is authorized to sell the Property on the
> terms stated above, and it is
>
> ORDERED the non-consensual liens arising after March 26, 2001 do
> not attach to the proceeds pursuant to 11 U.S.C. §551, and the sale
> shall be free and clear of the following:
>
> [the seven judgment liens are then identified by judgment number,
> judgment lien creditor and date docketed], and it is further
>
> ORDERED that all consensual liens shall be paid in full at closing by
> the settlement agent, the property is sold free and clear of all liens.

The motion did not request the relief provided in the order.[3]  The judgment lien creditors

whose liens are sought to be avoided have no idea that their liens are about to be declared invalid

as to this property.  Even if the motion had included the relief now sought, it must have been *served*

on the affected judgment lien creditors.  A motion to sell free and clear is a contested matter and

---

[3]The Memorandum of Points and Authorities in Support of Motion to Approve Sale
states, "The Trustee request[s] the Court to approve the sale of the Property pursuant to the terms
and conditions of the contract, allow payment of liens, commissions and the homestead
exemption." Memorandum, ¶6.

must be served in accordance with F.R.Bankr.P. 7004. *In re Takeout Tax,* 307 B.R. 525

(Bankr.E.D.Va. 2004). None of the judgment lien creditors was served with the motion itself. The

fact that they received a copy of the notice of the hearing is irrelevant. The motion must be served

on them.[4]

There is more than the procedural and due process problems. It is not clear that a sale free

and clear of liens is available under §363(f). The trustee must prove that one of the five conditions

in §363(f) is applicable. One is consent. Except for the United States, none of the parties has yet

consented. The most likely grounds are the third and fourth.

The third ground, that the sales price is greater than the aggregate value of all liens, is

unclear. The trustee included St. Anna's Home as one of the judgment liens. The judgment was

docketed on November 29, 2001. The debtor scheduled St. Anna's Home in the amount of

$221,871.00, which exceeds the amount the trustee expects to receive from the sale of the property

by more than $4,000.00. St. Anna's Home's judgment also includes interest from November 13,

2001, until at least January 4, 2004, the date the petition was filed, and longer if it is oversecured.

That additional interest is not included in the $221,871.00 scheduled amount. In addition, the debtor

scheduled the other judgment lien creditors in an aggregate amount of over $50,000.00. It appears

that the sale of only the townhouse will not satisfy §363(f)(3). However, it may be that the sale of

both the townhouse and the house will generate enough money to satisfy §363(f)(3). This, though,

---

[4]Two of the affected creditors are not on the trustee's certificate of service of his notice of
the hearing on the sale of the property. One of the four judgment lien creditors who is on the
certificate of service of the notice of the hearing does not appear to be an individual. It was not
mailed to the attention of an officer or director or to another person authorized by law to receive
service and is insufficient service. *See Banks v. Sallie Mae Servicing Corp. (In re Banks),* 299
F.3d 296, 301 (4th Cir. 2002); *In re Boykin,* 246 B.R. 825 (Bankr.E.D.Va. 2000).

must be determined in connection with the pending motion seeking approval of the sale of the house and not independently.

The fourth ground, the existence of a bona fide dispute, might be present. That, too, is unclear at this time. In order to invoke this ground, the trustee must include in his motion the grounds upon which he relies to dispute the validity of the judgment lien creditors' liens. Perhaps the trustee's proposed finding that the non-consensual liens arising after March 26, 2001, do not attach to the townhouse by virtue of §551 is the genesis of his bona fide dispute. Section 551 preserves avoided transactions for the benefit of the bankruptcy estate. Perhaps he is suggesting that the fraudulent deeds are preserved so that a judgment docketed in the debtor's name would not attach to the fraudulently conveyed properties that were then held in other people's names. Virginia law provides, however, that the lien of a judgment creditor attaches to fraudulently conveyed property notwithstanding that the fraudulently conveyed property stands in someone else's name. *Tucker v. Foster,* 154 Va. 182, 192, 152 S.E. 376, 379 (1930) ("When a judgment has been rendered and duly docketed the effect thereof is to impose a lien both upon the real estate then held by the judgment debtor and also upon any that he may have theretofore conveyed away in fraud of such judgment creditor after his debt was contracted and before judgment rendered, subject of course in the latter case to the superior equities of bona fide purchasers for value and without notice."); *Bartl v. G. Weinberger & Co. (In re Claxton),* 32 B.R. 215, 219 (Bankr.E.D.Va. 1983) (Bostetter, J.). *But see In re Stuckey,* 126 B.R. 697 (Bankr.E.D.Va. 1990) (Tice, J.).

Be this as it may, §363(f) merely permits the sale to go forward. It does not invalidate a lien or adjudicate that a lien does not attach to the property. In fact, the lien, if any, transfers to the

6

proceeds of sale.  The language of the proposed order goes far beyond the ambit of §363(f) by adjudicating that the liens "do not attach to the proceeds."

In pursuing the sale of the townhouse and the house, the trustee must be mindful of at least three matters: First, any action that seeks to affect a party's lien – whether actual or potential, valid or invalid – is either a contested matter (such as a motion to sell free and clear under §363(f)) or an adversary proceeding (such as a complaint to determine the extent, validity, or priority of a lien). The initial pleading, be it a motion or a complaint, must be served on the affected party in accordance with F.R.Bankr.P. 7004.

Second, if the trustee proceeds by way of §363(f) so that the property can be sold and the dispute limited to the disposition of the proceeds, granting a sale free and clear of liens does not in any way determine the validity or invalidity of an asserted lien.  Section 363(f) merely enables the trustee to sell the property.  All asserted liens are transferred to the proceeds of sale.  This has consequences.  If it is not clear that there will be sufficient proceeds to pay all asserted liens in full, administrative expenses will not normally paid at this time. ***The real estate agent will have to wait on the outcome of the litigation over the validity of the liens and may be at risk of non-payment.***

Third, the trustee is operating under strict time limits.  They are not imminent but they are on the horizon.  For example, if he seeks to avoid a lien under §550, the action must be commenced within one year after the avoidance of the transfer on account of which recovery is sought. Bankruptcy Code §550(f).  If he seeks to proceed under §544, 545, 547, 548 or 553, he must commence the action within two years after the entry of the order for relief or as otherwise provided in §546(a).

7

In light of the additional information provided by the trustee, the court must reconsider its oral ruling authorizing the sale of the townhouse.  The sale of both properties must be considered together.  The motion will be rescheduled for a status hearing on April 26, 2005.  The trustee may wish to amend his pleadings and serve them in accordance with F.R.Bankr.P. 7004 on the appropriate parties.

Alexandria, Virginia
April 22, 2005

/s/Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

8