# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

JUAN NELSON LAINES,

Debtor.

Case No. 04-10020-RGM
(Chapter 7)

## MEMORANDUM OPINION AND ORDER RE SUPPLEMENTAL REPORT

The court reviewed the trustee's proposed final report before distribution. Several matters are unclear. The court would appreciate a supplemental report addressing them. They are:

1. **Debtor's Homestead Exemption.** The trustee's proposed final report does not address the debtor's homestead exemption. The debtor claimed his homestead exemption of $4,900.00 in the townhouse on Schedule C and no objection was filed.

2. **Aquirre's and Portillo's judgment liens.** Jose Donaldo Aquirre's and Maximo Portillo's judgment liens are not scheduled to be paid. The debtor owned his townhouse in his own name until March 26, 2001 when he conveyed it to himself and his wife as tenants by the entirety with the common-law right of survivorship. On December 24, 2002, the debtor and his wife conveyed it to themselves and Miguel Perez as tenants in common. On December 23, 2003 when Aquirre and Portillo docketed their judgments, the debtor held a one-third interest in the townhouse.

3. **The United States' Criminal Restitution Judgment.** The United States criminal restitution judgment was scheduled for payment as a timely filed unsecured claim. The settlement agreement stipulated that it would be treated as a tardily filed unsecured claim entitled to distribution under §726(a)(2)(C).

1

4.  **Internal Revenue Service Claim.**  The Internal Revenue Service filed a late proof of claim asserting a priority claim of $76,627.97 and a general unsecured claim not entitled to priority of $12,245.32.  The trustee scheduled the priority claim for payment as a claim entitled to priority under 11 U.S.C. §726(a)(1).  He scheduled the unsecured claim for payment as a general unsecured claim under 11 U.S.C. §726(a)(2)(A) to be paid pro rata with all other timely filed unsecured claims.  Does the unsecured claim fall under 11 U.S.C. §726(a)(2)(A) or 11 U.S.C. §726(a)(2)(C)?

5.  **Subordinate Trusts on the Townhouse.**  The settlement statement reflects four trusts on the townhouse.  The third and fourth secured Greater Potomac Mortgage Company and Jose Alvarez, respectively.  When were the deeds of trusts recorded, and the advances made under them?  In light of the avoidance of the March 26, 2001 deed and the finding that none of the transferees of the two deeds were protected by 11 U.S.C. §550(b), was either Greater Potomac Mortgage Company or Jose Alvarez protected by 11 U.S.C. §550(b)?

6.  **Subordinate Trust on the House.**  Wachovia Bank's deed of trust was recorded within 90 days prior to the filing of the petition in bankruptcy.  It was a credit line deed of trust which typically allow advances from time to time.  Was the credit line deed of trust properly and timely recorded so as to avoid a preference challenge?  What is the account history of advances and payments? When were the advances under the credit line deed of trust made? Was the entire credit line immediately exhausted, that is, prior to the filing of the petition in bankruptcy?  Were there repayments and subsequent new borrowing, and, if so, when?

7.  **Servicing of Mortgages *Pendente Lite*.**  What were the arrangements for the servicing of the multiple mortgages during the pendency of the trustee's suit to avoid the transfers of the

properties? Did the pay-offs of any of the notes increase from the date the case was filed until the notes were paid in full, and if so, by how much?

## **ORDER**

Upon consideration of the foregoing, it is ORDERED that the trustee file a supplemental report addressing the forgoing matters on or before November 7, 2006

Alexandria, Virginia
October 24, 2006

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

copies to:

H. Jason Gold
Martha Davis

13227