UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

JUAN NELSON LAINES,

    Debtor.

Case No. 04-10020-RGM
(Chapter 7)

### MEMORANDUM OPINION AND ORDER

THIS CASE was before the court on September 26, 2006 and again on December 5, 2006, on the Trustee's Final Report and Proposed Distribution to Creditors, as amended on December 7, 2006.

The court in its Memorandum Opinion dated October 24, 2006, inquired about the post-petition Wachovia credit line deed of trust placed on the Great Falls property. In particular, the court requested the account history of advances and payments, and, in particular, when advances and payments were made. (Docket Entry 150). The trustee in his supplemental report filed November 7, 2006, simply responded that this was a post-petition transaction which occurred outside the chain of title. (Docket Entry 151). This did not adequately respond to the court's question. The court in a further Memorandum Opinion dated November 9, 2006, setting the matter for a hearing again inquired as to the subordinate trust on the Great Falls property and the applicability of 11 U.S.C. §550. (Docket Entry 153). At the hearing held on December 5, 2006, the trustee responded that he was unable to acquire the information from counsel for the bank because of the shortness of time between the request and the hearing. The information is important in evaluating the trustee's and his counsel's requests for compensation. The court will withhold ruling on the trustee's and

1

counsel's requests for compensation until the information is provided. The court believes that the information can be provided within twenty-one days after the date of entry of this order. If additional time is required, the trustee and counsel should file an appropriate pleading and a reasonable extension will be granted.

In reviewing the Trustee's Second Amended Trustee's Final Report (Docket Entry 159), it appears that the trustee has not properly accounted for two filing fees which he requested be deferred. The filing fees are applicable to adversary proceeding numbers 04-1052 and 05-1343. The filing fees should be included as additional administrative expenses.

When there are insufficient funds to pay all administrative fees in full, all administrative fees are paid prorata. In this case, the minimum amount that all administrative claimants will be paid if the trustee's fee and counsel's fees are allowed in full but paid proportionately with all other administrative fees is known. There is no reason to delay paying all administrative fees other than the trustee's fees and counsel's fee at this time. No future ruling will reduce their distribution. If the trustee's or counsel's fees are reduced, there will be a further distribution to administrative claimants until they are paid in full. Any residue thereafter will be paid to the next priority claims. As adjusted for the unpaid filing fees, the report will be approved as filed with interim distributions to be made to all administrative claimants, prorata, except the trustee and his counsel. The interim distributions may be the final distributions. The amounts are set forth below. It is

ORDERED:

1. The Trustee's Second Amended Final Report and Proposed Distribution to Creditors is approved as amended herein below except that the court will reserve ruling on the applications for compensation of H. Jason Gold and Joel S Aronson.

2. The report is amended to include two deferred filing fees each in the amount of $150.00 payable to the Clerk, United States Bankruptcy Court.

3. The court defers ruling on the applications for compensation of H. Jason Gold and Joel S. Aronson.

4. The trustee will file a report setting forth all of the advances and payments on the Wachovia credit line deed of trust within 21 days after entry of this order.

5. The trustee is authorized and directed to make the following interim distributions:

| **Secured Claimants** | **Claim** | **Interim Distribution** |
|---|---|---|
| Maximo Portillo | $1,794.21 | $1,794.21 |
| Jose Donaldo Aquirre | $1,252.77 | $1,252.77 |

| **Unsecured Creditors** | **Claim** | **Interim Distribution** |
|---|---|---|
| U.S. Bankruptcy Court | $150.00 | $134.20 |
| U.S. Bankruptcy Court | $150.00 | $134.20 |
| Helaine Newman | $33,750.00 | $30,194.02 |
| Zip Realty Commission Desk | $11,250.00 | $10,064.67 |
| Metrostar Realty, LLC | $22,500.00 | $20,129.35 |
| Internal Revenue Service | $17,298.00 | $15,475.44 |
| State of Virginia | $7,825.00 | $7,000.54 |
| Thompson, Greenspon & Co. | $2,328.45 | $2,083.12 |
| H. Jason Gold (fees) | $56,959.43 | None |
| H. Jason Gold (expenses) | $100.15 | None |
| Joel S. Aronson (fees) | $44,583.00 | None |
| Joel S. Aronson (expenses) | $1,698.93 | None |

Alexandria, Virginia
December 18, 2006

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

H. Jason Gold
Joel S. Aronson
Robert K. Coulter
Martha Davis, Office of the United States Trustee

Copy mailed to:

| | | |
|---|---|---|
| Maximo Portillo<br>423 Arkansas Street<br>Herndon, Virginia 20170 | Jose Donaldo Aquirre<br>1257 Elden Street<br>Apt. #304<br>Herndon, Virginia 20170 | Helaine Newman<br>Weichert's Realty<br>3998 Fair Ridge Drive<br>Fairfax, Virginia 22033 |
| Zip Realty Commission Desk<br>2000 Powell Street, Suite 1555<br>Emeryville, California 94608 | Metrostar Realty LLC<br>c/o Bessie Zhang<br>1335 Rockville Pike, Suite 205<br>Rockville, Maryland 20850 | Internal Revenue Service<br>Cincinnati, Ohio 45999-0148 |
| State of Virginia<br>Director of Tax Administration<br>P. O. Box 760<br>Richmond, Virginia 23218 | Thompson, Greenspon & Co.<br>4035 Ridge Top Road, #700<br>Fairfax, Virginia 22030 | |

13310